UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kalan Sherrard,<br><br>     Plaintiff,<br><br>  - against -<br><br>City of New York, Deputy Inspector Howard Redmond, previously sued as Lieutenant Doe and Doe Redmond, Shield No. 95, Anthony Denatale, Michael Liberatore, Colin Austin, Eugene Lang, previously sued as John Doe 4, John Doe 1, John Doe 2, John Doe 3, and John Does 5-10,<br><br>     Defendants. | 15 CV 7318 (CM)<br><br>Amended Complaint and Jury Demand |

  Plaintiff, by his attorneys, Law Office of Michael G. O'Neill, complains against defendants as follows:

  1. This is an action arising out of the violation of rights guaranteed to plaintiff by the First and Fourth Amendments to the United States Constitution.

  2. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. §1331, 28 U.S.C. §1343 and 42 U.S.C. §1983.

  3. Venue is proper because one or more defendants reside in the Southern District of New York.

  4. Plaintiff is a natural person.

  5. Defendant the City of New York ("City") is a municipal corporation organized and existing under the laws of the State of New York.

  6. During relevant times, Deputy Inspector Howard Redmond ("Redmond"), was employed by the City as a member of its police department ("NYPD"). A picture of

Redmond is annexed hereto as Exhibit A.

7. Redmond was mistakenly named in the original complaint as "Lieutenant Doe" and "Doe Redmond, Shield No. 95."

8. Police Officer Anthony Denatale ("Denatale"), Shield No. 20024, was plaintiff's arresting officer. During relevant times, Denatale was employed by the City as a member of the NYPD.

9. Sergeant Michael Liberatore ("Liberatore"), Shield No. 1892, was present at plaintiff's arrest and was personally involved in plaintiff's arrest. During relevant times, Liberatore was employed by the City as a member of the NYPD.

10. Sergeant Colin Austin ("Austin"), Shield No. 186, supervised the arrest of plaintiff. During relevant times, Austin was employed by the City as a member of the NYPD.

11. During relevant times, John Doe 1 was employed by the City as a member of the NYPD. A picture of John Doe 1 is annexed hereto as Exhibit B.

12. During relevant times, John Doe 2 was employed by the City as a member of the NYPD. A picture of John Doe 2 is annexed hereto as Exhibit C.

13. During relevant times, John Doe 3 was employed by the City as a member of the NYPD. A picture of John Doe 3 is annexed hereto as Exhibit D.

14. During relevant times, Detective Eugene Lang ("Lang"), Shield No. 631, was employed by the City as a member of the NYPD. A picture of Detective Eugene Lang, Shield No. 631, is annexed hereto as Exhibit E.

15. In plaintiff's original complaint, Lang was mistakenly named as John Doe 4.

16. During relevant times, John Does 5-10 were employed by the City as

members of the NYPD.

17. Upon information and belief, at some time before September 17, 2012, the NYPD learned that there was to be a major demonstration in and around the area of the New York Stock Exchange on Wall Street on September 17, 2012 to commemorate the anniversary of the Occupy Wall Street movement. Further upon information and belief, the NYPD learned or believed that the demonstrators intended to disrupt the functioning of the stock market or "Wall Street" at large by impeding the ability of vehicles and people to circulate in the area.

18. Upon information and belief, at some time prior to September 17, 2012, high ranking policy makers of the NYPD formulated a plan to prevent the anticipated demonstration from taking place or at least to reduce the number of individuals participating in that demonstration. Under this plan, the NYPD adopted a policy of intercepting individuals that members of the NYPD determined were heading toward the area of the demonstrations and arresting them. This plan (the "Thwart Occupy Anniversary Protest Plan") was official New York City policy.

19. Plaintiff is a street performance artist who, among other things, dresses in a provocative manner as part of his artistic work. On September 17, 2012, at about 6:00 a.m., plaintiff, was lawfully riding his bicycle on Lafayette Street, proceeding downtown near White Street. Plaintiff, who was wearing bright pink panties and nothing more, was riding in a completely lawful manner. Plaintiff was in the company of a small number of other bike riders who were also riding in a lawful manner.

20. When plaintiff reached White Street, a large number of NYPD vehicles swarmed around plaintiff and the other riders. Deputy Inspector Howard Redmond, who

3

appeared to be in charge of the operation, arrived in an unmarked police car and ultimately ordered one of the Does to arrest plaintiff.

21. Upon information and belief, Deputy Inspector Redmond ordered plaintiff to be arrested pursuant to the Thwart Occupy Anniversary Protest Plan.

22. Plaintiff was arrested approximately 1 mile from the location of the planned demonstration.

23. Deputy Inspector Redmond and all the individual defendants were in a position to observe and did in fact observe that plaintiff had violated no laws.

24. All the individual defendants were actually aware that the arrest of plaintiff was illegal and without probable cause.

25. All the individual defendants nonetheless participated, enabled or acquiesced in the illegal arrest of the plaintiff.

26. Plaintiff was never advised what the basis for his arrest was.

27. Plaintiff was fingerprinted and held in Central Booking, but released after about 19 hours of illegal detainment without being charged with any crime.

28. At all times, the individual defendants were acting within the scope of their employment as employees of the City of New York.

## Claim One.

29. On September 17, 2012, defendants violated plaintiff's right, guaranteed to him under the Fourth Amendment to the United States Constitution, to be free of unreasonable search and seizure.

30.     Defendants are liable to plaintiff under 42 U.S.C. §1983.

## Claim Two.

31.     On September 17, 2012, defendants violated plaintiff's right, guaranteed to him under the First Amendment to the United States Constitution, to freedom of expression and peaceable assembly.

32.     Defendants are liable to plaintiff under 42 U.S.C. §1983.

WHEREFORE, plaintiff demands judgment for all relief provided under the applicable Statutes and law under any theory or cause of action that can be supported based on the events and transactions alleged herein, whether or not specifically identified herein, including, without limitation:

(a) Under all causes of action, money damages in an amount to be determined by a jury to compensate plaintiff for the injuries caused by the wrongs alleged herein, including violation of constitutional rights, physical pain, loss of movement, emotional pain and suffering, shame, humiliation, distress, etc.;

(b) Under all causes of action, punitive damages in an amount to be determined by a jury;

(c) Under all causes of action, a statutory attorneys' fee award; and

(d) Under all causes of action, prejudgment interest, costs, and such further and additional relief as the Court deems just and proper.

Dated: New York, New York
December 12, 2015

LAW OFFICE OF MICHAEL G. O'NEILL

_____
By: Benjamin L. Federici (BF1952)
*Attorneys for Plaintiff*
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990

## Jury Demand

Plaintiff demands trial by jury on all issues.

Dated: New York, New York
December 12, 2015

LAW OFFICE OF MICHAEL G. O'NEILL

_____
By: Benjamin L. Federici (BF1952)
*Attorneys for Plaintiff*
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990